**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50441 |
| Plaintiff - Appellant, | D.C. No. 2:08-cr-00380-R-1 |
| v. | |
| RONALD GAITHER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 10, 2011[**]
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

The government appeals the district court's dismissal of its charge of

aggravated identity theft under 18 U.S.C. § 1028A(a)(1) against defendant Ronald

Gaither ("Gaither"). The district court dismissed this count of the indictment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

because (1) the predicate offenses were not related to terrorism; and (2) the stolen identity belonged to a deceased victim. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

First, the predicate charges brought against Gaither, bank fraud and theft of government funds, are expressly listed among those that serve as a basis for an identity theft charge under § 1028A(a)(1). 18 U.S.C. §§ 1028A(c)(1), (5). The district court's belief that the statute applies only to terrorism-related offenses, rather than "straight bank fraud," is plainly incorrect.

Second, Gaither's argument that § 1028A(a)(1) does not criminalize the theft of identity documents belonging to a deceased person is foreclosed by *United States v. Maciel-Alcala*, 612 F.3d 1092 (9th Cir. 2010), which held that the term "person" as used in § 1028A(a)(1) includes both living and deceased persons. After the Supreme Court in *Flores-Figueroa v. United States*, 129 S. Ct. 1886, 1888–94 (2009) interpreted § 1028A(a)(1) so that the term "knowingly" modified all subsequently listed elements of the crime, including "of another person," we were charged in *Maciel-Alcala* with further interpreting the term "person" to make clear what exactly the defendant had to know. Contrary to Gaither's argument, therefore, *Maciel-Alcala*'s holding that "person" in § 1028A(a)(1) includes both living and deceased persons is not merely dicta, but was the precise question under

2

review.  Although this case presents a different set of facts because the person whose identity Gaither stole was in fact dead at the time of the unlawful use, *Maciel-Alcala*'s holding as to how § 1028A(a)(1) should be construed as a matter of law controls.

Because the district court's reasoning is contrary to the plain text of the statute and our holding in *United States v. Maciel-Alcala*, 612 F.3d 1092 (9th Cir. 2010), its dismissal of the charge under § 1028A(a)(1) is **REVERSED** and the case is **REMANDED** for further proceedings not inconsistent with this disposition.